TABAK, MELLUSI & SHISHA LLP
29 Broadway
New York, NY 10006
Tel: (212) 962-1590
Fax: (212) 385-0920

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL HAMILL, | Case No.: 18 Civ 503 |
| Plaintiff, | COMPLAINT |
| vs. | PLAINTIFF DEMANDS TRIAL BY JURY |
| THE CITY OF NEW YORK, | |
| Defendant. | |

**ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY OR PREPAYMENT OF FEES**

Plaintiff, complaining of the defendant, respectfully states and alleges upon information and belief:

1. Jurisdiction is predicated on 28 U.S.C. § 1331 pursuant to the "Jones Act" 46 U.S.C. § 10304 and pursuant to 28 U.S.C. § 1333, Admiralty and General Maritime jurisdiction.

2. At all times hereinafter mentioned, plaintiff was a citizen of the State of New York, residing in Breezy Point, New York 11697.

3. At all times hereinafter mentioned defendant was the owner of the FERRY ANDREW J. BARBERI ("BARBERI"); one of the Staten Island Ferries.

4. At all times hereinafter mentioned defendant operated, managed and controlled the BARBERI.

5. That at all times hereinafter mentioned, the defendant employed plaintiff in the capacity of a seaman, and member of the crew of the BARBERI.

### FIRST CAUSE OF ACTION JONES ACT AND UNSEAWORTHINESS

6. On or about February 3, 2015 plaintiff was serving as a seaman with the rating of marine engineer aboard the BARBERI. During the course of making his rounds Plaintiff, while the BARBERI was at St. George terminal, Plaintiff attempted to descend an outside inclined ladder. While doing so he was caused to lose his footing and balance which resulted in being propelled off the ladder and which resulted in injuries to spine, left arm and left thumb. Attached as **Exh 1** is a photograph of the subject ladder which is true and accurate in regard to the geometry and construction features.

7. The accident occurred during inclement weather conditions which allowed ice to accumulated on exposed areas of the vessel including the subject ladder.

8. Defendant was negligence in the following respects;

-failing to properly maintain the ladder is a clean, non- slippery condition.

-failing to have the ladder equipped with suitable non-skid treads.

-failing to provide plaintiff and other crewmembers required to make rounds on exposed decks with "ice grippers" or "ice creepers" or other footwear suitable for snoe and or ice conditions.

-failing to equipment the ladder with proper handrails.

-failing to comply with industry standards applicable to exposed, inclined, fixed ladders, including but not limited to OSHA, American Bureau of Shipping, and US Coast Guard

-failing to comply with good and proper standard of marine custom and practice appliable to exposed inclined, fixed, ladders.

-failing to perform a Risk Analysis and Risk Inspection as required by good and proper standards of marine operation.

-and in other respects to be presented at trial.

9.  The acts, omissions and conditions set forth in paragraph number 8 rendered the BARBERI Unseaworthy.

### Second Cause of Action, Violation of the ISM Code and Title 33 Subchapter F, Part 96 Subpart A

10. At all times relevant, Chapter IX of the International Convention for the Safety of Life at Sea (SOLAS), 1974, International Management Code for the Safe Operation of Ships and for Pollution Prevention (International Safety Management Code), hereinafter "ISM Code", as implemented by Title 33 Subchapter F, Part 96 Subpart A " Rules for the Safe Operation of Vessels and Safety Management Systems" hereinafter "33 CFR Part 96";  required vessels (as described in the aforesaid code and regulations)  to have a "Safety Management Certificate" and an approved "Safety Management System".

11. At all times relevant the vessel BARBERI was a vessel either required to by law to have a "Safety Management System" or alternatively, implemented one pursuant to an adopted "Safety & Environmental Protection Policy".

12. Attached as **Exh 2** is a true and accurate copy of Defendant's Safety & Environmental Protection Policy.

13. As noted in **Exh 2** Defendant obligated itself to follow the Objectives of the International Safety Management ISM Code to insure safety of life at sea.

14. The Objectives of the ISM Code are as follows:

**1.2 Objectives**

1.2.1 The objectives of the Code are to ensure safety at sea, prevention of human injury or loss of life, and avoidance of damage to the environment, in particular to the marine environment and to property.

1.2.2 Safety-management objectives of the Company should, *inter alia:*

.1 provide for safe practices in ship operation and a safe working environment;

.2 establish safeguards against all identified risks; and

**.3** continuously improve safety-management skills of personnel ashore and aboard ships, including preparing for emergencies related both to safety and environmental protection.

1.2.3 The safety-management system should ensure:

.1 compliance with mandatory rules and regulations; and

.2 that applicable codes, guidelines and standards recommended by the Organization, Administrations, classification societies and maritime industry organizations are taken into account.

15. Defendant negligently failed to follow, comply or adhere to the Objectives of the ISM Code and the implementing Code of Federal Regulations (33 CFR §96.230)

in regard to the design, construction and maintenance of the subject ladder and in regard to safe work practices applicable seafarers such as the plaintiff and other likely users.

16. The acts, omissions and conditions constituting violations of the ISM Code and 33 CFR §96.230) rendered the BARBERI unseaworthy.

17. By reason of the foregoing, plaintiff incurred medical expenses and will likely incur future medical expenses, Plaintiff was disabled from employment, and sustained past and future loss of earnings, earning capacity including fringe and pension benefits, he has sustained and will continue to sustain pain and suffering, loss of quality and enjoyment of life, and has otherwise sustained damages in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00)

### Third Cause of Action Maintenance and Cure

18. Plaintiff reasserts the allegations set forth in paragraphs 1 to 9.

19. Plaintiff's injuries manifested themselves while in the service of the BARBERI; thus obligating defendant to timely pay maintenance and cure benefits until the point of maximum medical improvement.

20. Defendant willfully and recklessly failed to timely and completely discharged its maintenance and cure obligations.

21. Plaintiff claims damages in the amount of outstanding maintenance and cure owed, together with punitive damages, consequential damages and attorney's fees, for the defendant's willful failure to timely provide maintenance and cure.

**WHEREFORE**, plaintiff demands judgment against the defendant in the amount to be proved at trial, on all causes of action in addition to punitive damages attorney's fees and costs pre-trial and post-trial interest.

Dated New York N.Y.

January 24th, 2018

                                         TABAK, MELLUSI & SHISHA LLP
                                         29 Broadway Suite 2311
                                         New York, N.Y. 10006
                                         ATTORNEYS FOR PLAINTIFF

                           By: _____
                                      Ralph J. Mellusi (9680)





# Staten Island Ferry

## Safety & Environmental Protection Policy

The safety of passengers and employees is the top priority of the New York City Department of Transportation (NYCDOT) in its operation of the Staten Island Ferry.

The NYCDOT Staten Island Ferry shall implement and maintain a Safety Management System (SMS) that provides:

- ☑ Control to ensure safe operations and working conditions onboard each ferry and within each facility.

- ☑ Control to establish safeguards for all identified risks.

- ☑ Control to continually improve performance of the system and its personnel regarding safety, pollution prevention and environmental stewardship.

The SMS shall ensure that the NYCDOT Staten Island Ferry is in compliance with mandatory rules and regulations as well as relevant voluntary guidelines.

The SMS shall follow the objectives of the International Safety Management (ISM) Code "to ensure safety at sea, prevention of human injury or loss of life, and avoidance of damage to the environment, in particular the marine environment and to property."

_____
Polly Trottenberg
Commissioner
New York City Department of Transportation

_____
Captain James DeSimone
Chief Operations Officer, Staten Island Ferry
New York City Department of Transportation

SEP Policy (R-3) 03-Feb-14

Ex H 2